## David Greenburg v. Abraham Parker.

1. VERDICT—*when not set aside.* A verdict which is not manifestly against the weight of the evidence will not be set aside on appeal.

Action in *assumpsit.* Appeal from the Circuit Court of Sangamon county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 27 1906.

ALBERT SALZENSTEIN, for appellant.

ARTHUR M. FITZGERALD, for appellee.

Mr. JUSTICE BAUME delivered the opinion of the court.

Appellant, David Greenburg, signed the recognizance of one Jacob Hork in the sum of $200, conditioned for the appearance of said Hork to answer any indictment that might be found against him for receiving stolen property. Hork was thereafter indicted, and, having failed to appear, such further proceedings were had that the recognizance was forfeited and execution issued, and appellant, in order to save his property from levy and sale, paid the sum of $238.30. Appellant then instituted this suit in *assumpsit* against appellee, to recover the amount of said execution, alleging in his declaration that he had signed the recognizance at the special instance and request of appellee and upon his promise to indemnify appellant against loss. The trial in the Circuit Court resulted in a verdict and judgment against appellant.

The only ground, worthy of consideration, urged by appellant for a reversal of the judgment, is, that the verdict of the jury is so manifestly contrary to the weight of the evidence as to make it apparent that it is the result of passion and prejudice.

The version of the transaction as testified to by appellant and the witnesses Oberman, Stoller and Dorman, clearly justified a verdict against appellee. This was contradicted by the appellee and one A. E. Hork, a cousin of the principal in the recognizance. A careful examination of the evidence, as it appears in the record, discloses that the manner in which the several witnesses testified and their demeanor upon the stand, must of necessity have been the most weighty considerations in determining the truth or falsity of their testimony. As regards these considerations, it must be conceded that the jury who returned the verdict and

the trial judge who approved the verdict, at least to the extent that he did not set it aside as being against the weight of the evidence, were in a far better position to pass upon the credibility of the several witnesses than is this court. There is nothing in the record to suggest that the jury were influenced, in any degree, by passion or prejudice. While a consideration of the evidence as it comes to us in the record leads us to the conclusion that it would better support a verdict for appellant, we are not prepared to hold that the verdict returned is so manifestly against the weight of the evidence as to demand a reversal of the judgment.

The judgment is accordingly affirmed.

*Affirmed.*